UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRI CAMBRE                                          CIVIL ACTION

VERSUS                                                      NO. 21-1067

UNION CARBIDE CORPORATION,                SECTION "R" (1)
ET AL.

**ORDER AND REASONS**

Before the Court is defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim.[1]  Plaintiff opposes the motion.[2]  For the following reasons, the Court grants in part and denies in part defendants' motion.

## I.  BACKGROUND

This case arises out of plaintiff's alleged exposure to ethylene oxide ("EtO") near a petrochemical plant in Hahnville, Louisiana (the "facility"), owned and operated by defendants The Dow Chemical Company ("Dow") and Union Carbide Corporation ("Union Carbide").[3]  Plaintiff, a 52-year-old woman who has lived near the facility her whole life,[4] was one of seven

---

[1]    R. Doc. 56.
[2]    R. Doc. 58.
[3]    R. Doc. 1-1 ¶ 1.
[4]    R. Doc. 55 at 3 ¶ 10.

plaintiffs who sued Dow, Union Carbide, and five individual employees for negligence, civil battery, and nuisance in the Civil District Court for the Parish of St. Charles, alleging that inhalation of EtO emitted from the facility was a substantial factor in causing plaintiffs' breast cancer.[5]

On June 2, 2021, defendants Dow and Union Carbide removed the case to federal court, contending that the non-diverse employee defendants were improperly joined, and that, therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332.[6]  Plaintiffs moved to remand the case to state court.[7] This Court denied plaintiffs' remand motion and dismissed plaintiffs' claims against the five employee defendants.[8]  In so doing, the Court held that plaintiffs had failed to state cognizable claims against any of the employee defendants.[9]  Plaintiffs moved for reconsideration, which this Court denied.[10]  Soon thereafter, this Court severed the case into seven separate actions based on "the significant differences in the factual and legal issues involved in each plaintiff's claims."[11]

---

[5]     R. Doc. 53 at 1-2.
[6]     R. Doc. 1.
[7]     R. Doc. 21.
[8]     R. Doc. 38.
[9]     *Id.*
[10]    R. Doc. 53.
[11]    R. Doc. 54 at 4.

After plaintiff's case was severed, plaintiff filed her amended complaint in this section, in which she reasserted her claims for negligence, civil battery, and nuisance against Dow and Union Carbide.[12]  In support of her claims, she contends that defendants operate the facility without sufficient pollution controls to limit EtO emissions, which caused her to develop breast cancer and continues to pose a risk to her health.[13]  She alleges that defendants emit state-authorized amounts of EtO into the atmosphere, which endanger people who live and work near the facility, in addition to unauthorized emissions caused by "leaks, faulty equipment, and other negligence."[14]

Defendants moved to dismiss plaintiff's amended complaint for failure to state a claim.[15]  Defendants argue that plaintiff failed to state a claim for negligence because she has not identified a specific duty that defendant breached.[16]  They argue that because she failed to establish a claim for negligence, she has likewise failed to establish a claim for nuisance, which, defendants contend, requires a showing of negligence.[17]  Finally, they argue

---

[12]   R. Doc. 55.
[13]   *Id.* at 7 ¶ 34.
[14]   *Id.* ¶ 36.
[15]   R. Doc. 56.
[16]   R. Doc. 56-1 at 2.
[17]   *Id.*

that plaintiff's civil battery claim must be dismissed because "battery-by-omission" is not a cognizable theory under Louisiana law.[18]

Plaintiff opposes defendants' motion.  The Court considers the motion below.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments.  *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).  The Court

---

[18]     *Id.*

may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III.  DISCUSSION

Defendants contend that plaintiff failed to state a claim for negligence, nuisance, and civil battery.  The Court will address each cause of action in turn.

### A.     Negligence

Under article 2315 of the Louisiana Civil Code, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  La. Civ. Code art. 2315(A).  Louisiana courts conduct a duty-risk analysis to determine whether to impose liability under article 2315. *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627, 632-33 (La. 2006). Liability requires satisfaction of five elements: (1) the defendant had a duty

5

to conform his conduct to a specific standard; (2) the defendant's conduct failed to conform to the appropriate standard; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Id.* at 633. In her amended complaint, plaintiff has failed to plausibly allege that defendants "had a duty to conform to a specific standard." *Id.* Accordingly, she fails to state a claim for negligence.

In support of her negligence claim, plaintiff contends that defendants owe a duty of care to reduce their EtO emissions to levels that do not "pose an unreasonable risk of harm."[19] She argues defendants breached this duty by emitting EtO in "amounts that create an unreasonable and foreseeable risk of harm" to the neighboring community.[20]

A recent Fifth Circuit decision persuades this Court that plaintiff's allegations are inadequate to state a duty under article 2315. In *Butler v. Denka Performance Elastomer, LLC*, the Fifth Circuit considered plaintiff's appeal of the district court's dismissal of her claims arising from allegedly unsafe emissions of chloroprene in the community. 16 F.4th 427, 432 (5th Cir. 2021). Much like here, the plaintiff in that case alleged that the

---

[19]   R. Doc. 55 at 11-12 ¶ 52.

[20]   *Id.*

defendant's "unreasonably excessive" chloroprene emissions "violated Louisiana's general duty to use reasonable care to avoid injury to another." *Id.* at 444.  The Fifth Circuit affirmed the lower court's dismissal of plaintiff's negligence claim.  In so doing, the court explained that the plaintiff's "retreat to generalized grievances [was] unavailing," and that "[w]hile Louisiana law does impose a universal duty on defendants in a negligence action to use reasonable care," plaintiffs still must "assert a specific standard of care."  *Id.* at 444-45.  Accordingly, courts must determine whether the plaintiff "has any law (statutory, jurisprudential, or arising from general principles of fault)" to support the claim that the defendant owed a duty.  *Id.* at 445.  The court held that the plaintiff failed to point to any source of law—statutory, jurisprudential, or otherwise—in which "generalized references to excessive emissions, acceptable risk threshold, and unreasonable dangerous emissions" constitute a sufficient legal duty to support a negligence claim. *Id.* (internal quotation marks omitted).

Here, too, plaintiff has cited no cognizable source or articulation of the duty alleged.  She instead rests on the notion that defendants have a duty to exercise "ordinary care" and to "reduce emissions to a level that do[es] not pose an unreasonable risk of harm."[21]  These allegations fail to to specify a

---

[21]     R. Doc. 55 at 11-12 ¶ 52.

"specific standard" of care with which defendants should have complied.  *See*

*Lemann*, 923 So. 2d at 633.

Plaintiff attempts to sidestep *Butler* and demonstrate divided circuit

authority in this issue by citing the Fifth Circuit's decision in *Cedar Lodge*

*Plantation, LLC v. CSHV Fairway View I, LLC*, 753 F. App'x 191 (5th Cir.

2018).  Specifically, plaintiff points to the court's discussion in *Cedar Lodge*

of the distinction between regulatory and tort standards.  There, the court

explained:

> [R]egulatory standards do not establish the requirements for
> recovery by one private party against another for property
> damage.  Rather, the Louisiana Civil Code provides much
> broader relief, through claims for negligence and nuisance, to a
> landowner whose neighbor damages his property.  Defendant
> has cited no authority for the proposition that plaintiff cannot
> state a claim for allowing contaminants to come onto his
> property unless those contaminants exceed state regulatory
> standards, and we have found none.

*Id.* at 197-98.  But this proposition does not conflict with *Butler*'s instruction

that a tort plaintiff must identify a specific standard of care that the

defendant breached.  Indeed, in *Cedar Lodge*, the court explained that, while

regulatory compliance is not a defense to tort liability, "Louisiana law is clear

that negligently allowing sewage to drain onto another person's property

entitles the landowner to relief."  *Id.* at 197.  In so stating, the court cited a

Louisiana case involving negligent operation of a sewage treatment system.

8

*See Smith v. Cutts*, 759 So. 2d 851, 855 (La. App. 3 Cir.), *writ denied*, 763 So. 2d 598 (La. 2000).   In other words, the court recognized a specific, jurisprudential source of the tort duty breached in the case before it.  And the Fifth Circuit was clear in *Butler* that a plaintiff must identify such a standard in order to state a negligence claim.  Here, plaintiff does not identify a specific standard to which defendants should have conformed their conduct.  That deficiency in her complaint warrants dismissal under *Butler* and Rule 12(b)(6).  *Compare Joseph v. Evonik Corp., et al.*, No. 22-1530, 2022 WL 16721888, at *8 (E.D. La. Nov. 4, 2022) (finding that plaintiff's allegations that defendant failed to conform to the requirements L.A.C. 33:III.905 and 33.III.2121 stated a claim for negligence).

Finding no specific standard of care with which defendants ought to have complied, the Court finds, consistent with the Fifth Circuit's decision in *Butler*, that plaintiff has not stated a claim for negligence under Louisiana law.  Defendants' motion to dismiss is granted as to plaintiff's negligence claim.  This claim is dismissed without prejudice.  The Court grants plaintiff leave to amend her negligence allegations to articulate a specific duty or standard of care that defendants are alleged to have breached.

**B.   Nuisance**

Plaintiff also alleges that defendants are liable for nuisance under Louisiana's vicinage articles.  Under article 667 of the Louisiana Civil Code:

> Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.  However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

La. Civ. Code art. 667.  Mere inconvenience, though, may be permissible. Under article 668, "every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor."  La. Civ. Code art. 668.  But article 669 provides that not all inconveniences need be tolerated:

> If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place.

La. Civ. Code art. 669.

These Code articles collectively "embody a balancing of rights and obligations associated with the ownership of immovables."  *Badke v. USA Speedway, LLC*, 139 So. 3d 1117, 1126 (La. App. 2 Cir.), *writ denied*, 151 So.

3d 606 (La. 2014). "As a general rule, the landowner is free to exercise his rights of ownership in any manner he sees fit." *Id.* Indeed, a proprietor "may even use his property in ways which occasion some inconvenience to his neighbors." *Id.* But under article 667, "his extensive rights do not allow him to do 'real damage' to his neighbor." *Id.* (citing *Rodrigue v. Copeland*, 475 So. 2d 1071 (La. 1985)). "[A] finding of liability under Article 667 requires either proof of personal injury or physical damage to property or proof of the presence of some type of excessive or abusive conduct." *Harmonia, LLC v. Felicity Prop. Co., LLC*, 311 So. 3d 521, 528 (La. App. 4 Cir. 2020) (quoting *Lodestro Co. v. City of Shreveport*, 768 So. 2d 724, 727 (La. App. 2 Cir. 2000)).

With the exception of the "ultrahazardous" activities of pile driving and blasting with explosives—neither of which is at issue here—a claim under any or all of these three Code articles requires a showing of negligence. *See Brown v. Olin Chem. Corp.*, 231 F.3d 197, 200 (5th Cir. 2000) ("[T]he 1996 amendment to Article 667 applies to Articles 668 and 669 as well, so that stating a claim under one or more of these articles now requires a showing of negligence."). Accordingly, to assert a nuisance claim under any or all of these articles, a plaintiff must show that "a defendant is (1) a proprietor who (2) negligently (3) conducts 'work' on his property (4) that causes damage to

his neighbor." *See Ictech-Bendeck v. Progressive Waste Sols. of LA, Inc.*, No. 18-7889, 2019 WL 4111681, at *2 (E.D. La. Aug. 29, 2019) (citing *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., LLC*, 88 F. Supp. 3d 615, 643 (E.D. La. 2015)).

Here, plaintiff has plausibly alleged that defendants are proprietors whose activities on their property caused "real damage" to its neighbors. *Badke*, 139 So. 3d at 1126. Plaintiff also plausibly alleges the negligence requirement, the terms of which are prescribed by the text of the Code— namely, that defendants "knew or, in the exercise of reasonable care, should have known that [their] works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that [they] failed to exercise such reasonable care." La. Civ. Code art. 667. Specifically, plaintiff points to longstanding industry knowledge of the carcinogenic effects of EtO,[22] and alleges that defendants failed to prevent the damage caused by their EtO emissions.[23] The Court finds that these allegations are sufficient at the pleadings stage to support a nuisance claim under the vicinage articles of the Louisiana Civil Code. *See Taylor v. Denka Performance Elastomer LLC*, No. 17-7668, 2018 WL 5786051, at *4-5 (E.D.

---

[22]    R. Doc. 55 at 4-6 ¶¶ 16-31.
[23]    *Id.* at 14-15 ¶ 67.

La. Nov. 5, 2018) (denying defendant's motion to dismiss plaintiffs' nuisance claims arising out of community exposure to chloroprene from defendant's facility).

Defendants' arguments in support of dismissal of plaintiff's nuisance claim are unpersuasive.  Defendants' primary argument is that under Louisiana law, plaintiff must establish negligence in order to prevail on her claim for nuisance.[24]  They argue that because plaintiff fails to plausibly allege a negligence duty, her nuisance claim must be dismissed.[25]  This argument conflates the general negligence standard under article 2315 with the distinct negligence requirement for a nuisance claim under Louisiana's vicinage articles, which deal specifically with a proprietor's relationship to his neighbors.  In the context of general negligence, liability requires that the defendant had a duty to conform his conduct to some specific standard. *Lemann*, 923 So. 2d at 633.  In the vicinage context, the Code itself establishes the standard of conduct between a proprietor and his neighbors. Specifically, the Code provides that the proprietor's liability for damages arises if he "knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been

---

[24]    R. Doc. 56 at 14-15.
[25]    *Id.*

prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care."  La. Civ. Code art. 667.  Accordingly, unlike her article 2315 general-negligence claim, plaintiff's nuisance claim does not require an allegation of a separate source of duty.  The proprietor's duty to his neighbors is established by the Code itself, and it stems from the nature of the parties' relationships as neighbors.  *See* A.N. Yiannopoulous, 4 La. Civ. L. Treatise, Predial Servitudes § 3:16 (4th ed. 2021) ("[E]very landowner is bound by certain obligations of vicinage prohibiting him from causing damage or inconvenience to neighbors . . . .");  *see also Badke*, 139 So. 3d at 1126 (noting "the obligations of neighborhood established by [articles] 667-669").

Defendants also contend that plaintiff was not even aware of the fact that she was exposed to the EtO because it is colorless and odorless.[26]  They thus conclude that there is no way such exposure could cause her inconvenience, discomfort, or property interference.[27]  This argument ignores the core of plaintiff's complaint: that she developed cancer as a result of defendants' operations.  The Court finds that plaintiff's cancer diagnosis constitutes "real damage."  *See Ellis v. Evonik Corp., et al.*, No. 21-1089, 2022 WL 1719196, at *13 (E.D. La. May 27, 2022) (finding that a cancer

---

[26]   R. Doc. 56 at 16.

[27]   *Id.*

diagnosis qualifies as "real damages" for purposes of a nuisance claim under Louisiana law).

Accordingly, defendants' motion to dismiss plaintiff's negligence claim is denied.


### C.     Civil Battery

Plaintiff also alleges that defendants are liable for civil battery.[28] Under Louisiana law, a battery is a "harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987).  For the act to be intentional, the actor must either "(1) consciously desire the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) know that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result."  *Batiste v. Bayou Steel Corp.*, 45 So. 3d 167, 168 (La. 2010).  Substantial certainty "requires more than a reasonable probability that an injury will occur," and plaintiff must allege that defendants' actions made her contracting cancer "inevitable or incapable of failing."  *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 213 (La. 1999) (internal citations omitted).

---

[28]     R. Doc. 55 at 13-14 ¶¶ 59-64.

Plaintiff has not pleaded any facts supporting her conclusory recitation of the elements of battery.  While plaintiff broadly asserts that the defendants knew that members of the community would inhale the EtO they emitted from the facility and that they "knew to a substantial certainty that inhalation of EtO would cause serious health risks and increased risks of cancer to those living in close proximity to the facility,"[29] these allegations amount to "naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (citations omitted); *see also In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 2011 WL 4575696, at *12 (E.D. La. Sept. 30, 2011) (dismissing claim for battery when plaintiffs alleged that defendants willfully applied dispersant "in the vicinity" of some plaintiffs). Although plaintiff asserts that defendants "knew, or should have known, that the EtO it was releasing was dangerous, toxic, carcinogenic, mutagenic, and harmful to local residents,"[30] mere knowledge of a possible danger does not give rise to a battery claim.  *See Reeves*, 731 So. 2d at 213 ("Mere knowledge and appreciation of risk does not constitute intent . . . ." (citations omitted)); *cf. Armstead v. Schwegmann Giant Super Markets, Inc.*, 618 So. 2d 1140, 1142 (La. App. 4 Cir. 1993), *writ denied*, 629 So. 2d 347 (La. 1993) ("[M]ere

---

[29]    *Id.* ¶¶ 60-61.

[30]    *Id.* at 4 ¶ 15.

knowledge . . . that a machine is dangerous and that its use, therefore, creates a high probability that someone will eventually be injured is not sufficient to meet the 'substantial certainty' requirement." (citations omitted)).

For these reasons, the Court finds that plaintiff's claims for civil battery must be dismissed.  Because plaintiff's civil battery theory is implausible, and any amendment would be futile, the Court dismisses the claim with prejudice.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (noting that leave to amend should be denied when an amendment would be futile).

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion is GRANTED IN PART and DENIED IN PART.  The Court GRANTS plaintiff leave to file a second amended complaint within seven days of this Order.

New Orleans, Louisiana, this   18th   day of November, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE